# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : **CRIMINAL COMPLAINT** |
| v. | : Honorable Douglas E. Arpert |
| RASHON ALEXANDER | : Mag. No. 20-1508 (DEA) |

I, Renee Repasky, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this Complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_____
S/Renee Repasky, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Attested to by telephone pursuant to
Fed. R. Crim. P. 4.1(b)(2)(A) on April 15, 2020,
in the District of New Jersey

HONORABLE DOUGLAS E. ARPERT          _____
UNITED STATES MAGISTRATE JUDGE       Signature of Judicial Officer

## **ATTACHMENT A**

On or about January 13, 2020, in Monmouth County, in the District of New Jersey and elsewhere, the defendant,

### **RASHON ALEXANDER**,

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, namely, an RG Industries, model RG14, .22 caliber revolver, serial number 259630, and the firearm was in and affecting commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## **ATTACHMENT B**

I, Renee Repasky, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents and other items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about January 13, 2020, officers of the Eatontown Police Department responded to State Highway 36 in the area of a hotel located in or around Eatontown, on a report of a short black male with a gun, wearing a dark sweatshirt and a skull cap, running behind a nearby store with a white male. Officers received information that the male with the gun was staying at the hotel.

2. As officers approached the area, they observed an individual, later identified as defendant RASHON ALEXANDER, who matched the description of the individual referenced in paragraph one, above, walking towards the entrance of the hotel with a white male ("Individual 1"). An officer followed ALEXANDER and Individual 1 into the parking lot of the hotel. As the officer did so, Individual 1 immediately approached the officer, but ALEXANDER continued to walk away. The officer called ALEXANDER back to him. ALEXANDER then approached the officer.

3. The officer asked ALEXANDER for identification. ALEXANDER reached into his pocket and retrieved his identification. When ALEXANDER removed his hand from his pocket, a cigar package fell to the ground. Thereafter, because the officer recognized the cigar packaging as being of the type commonly used to smoke marijuana, he asked ALEXANDER if he had any illegal items in his possession. ALEXANDER admitted that he had marijuana on his person.

4. The officer retrieved a small amount of marijuana from ALEXANDER's sweatshirt pocket and placed him under arrest. The officer then searched ALEXANDER incident to arrest and seized a small amount of cocaine from his wallet and an RG Industries, model RG14, .22 caliber revolver, serial number 259630 ("Firearm"), which was loaded with five rounds of ammunition, from his pants pocket. The Firearm was not manufactured in the State of New Jersey and therefore moved in interstate commerce before January 13, 2020.

5. On or about June 10, 2016, ALEXANDER was convicted in the Superior Court of New Jersey, Monmouth County, of unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5(b), a crime punishable by imprisonment

for a term exceeding one year. ALEXANDER was sentenced to a term of imprisonment of five years.